UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

TRASK  SAMPLEY,                          §
                                         §
        Plaintiff,                       §
VS.                                      §        CIVIL ACTION NO. 2:15-CV-180
                                         §
STEWART & STEVENSON, LLC,                §
                                         §
        Defendant.                       §

## ORDER

During his employment with Stewart & Stevenson LLC (S&S), Randall K. Erekson, Jr. (Erekson) accumulated certain savings in the S&S 401(k) plan.  After his death, S&S determined that the proceeds of the 401(k) plan were owed to Erekson's mother because Erekson did not leave a spouse or any children.  Plaintiff Trask Sampley (Sampley) brings this action against S&S claiming that he is Erekson's son and that the 401(k) plan proceeds should have been paid to him.  Sampley pleads causes of action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. and for state law claims, including an action for declaratory relief, breach of contract, and negligence.  D.E. 1.  Before the Court is Defendant's 12(b)(6) Motion for Partial Dismissal (D.E. 11), seeking the dismissal of all state law claims as preempted by ERISA.  For the reasons set out below, the Court DENIES the motion.

### A.  Standard of Review

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time,

money, and resources devoted to meritless claims.  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 558 (2007).  A 12(b)(6) motion can be based not only on a plaintiff's claims

but on matters that support an affirmative defense.  Even if some allegations support a

claim, if other allegations negate the claim on its face, then the pleading does not survive

the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim
> if the allegations, taken as true, show the plaintiff is not
> entitled to relief. If the allegations, for example, show that
> relief is barred by the applicable statute of limitations, the
> complaint is subject to dismissal for failure to state a claim;
> that does not make the statute of limitations any less an
> affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a
> particular ground for opposing a claim may be the basis for
> dismissal for failure to state a claim depends on whether the
> allegations in the complaint suffice to establish that ground,
> not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

In a Federal Rule of Civil Procedure 12(b)(6) context, the court construes the facts

alleged in the complaint as true.  The court may also consider: (a) documents attached to

the complaint or identified as central to the claims made therein; (b) documents attached

to the motion to dismiss that are referenced in the complaint; and (c) documents that are

subject to judicial notice as public record.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th

Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.

2000).

## B.  ERISA Preemption

Neither party has attached the 401(k) plan documents or any other document

subject to a Rule 12(b)(6) review that would demonstrate conclusively that the plan is

governed by ERISA.  While Sampley makes some claims under ERISA in his complaint (D.E. 1), he includes his state law claims in the event that ERISA does not govern the 401(k) plan and its distribution.  So there is no unqualified admission that ERISA applies. In its motion (D.E. 11), while S&S contends that ERISA applies, it does not make any effort to establish the veracity of that contention.

According to the Fifth Circuit, the determination of whether ERISA applies to a plan involves fact questions.  *See generally, Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1451 (5th Cir. 1991).  The definition and coverage provisions, 29 U.S.C. §§ 1002 and 1003, indicate that there are different fact questions whether the plan is said to be an employee welfare benefit plan or an employee pension benefit plan and there are several exclusions from ERISA coverage.  The court is not entitled to speculate on the nature of the plan or its qualification for ERISA coverage.  Thus this Court cannot accept S&S's premise that ERISA applies in the first instance so as to preempt any other claims.

### C. Conclusion

For the foregoing reasons, the Court DENIES the motion to dismiss (D.E. 11).

ORDERED this 15th day of September, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE